IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1098-D |
| | § | |
| MICHAEL MCLAIN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING LEAVE
TO FILE AMENDED COMPLAINT**

On August 6, 2015, the Court received the Motion to Add to Original Complaint [Dkt. No. 17] filed by Plaintiff Kesha Terry, proceeding *pro se*. On August 10, 2015, United States District Judge Sidney A. Fitzwater referred Plaintiff's motion to the undersigned United States magistrate judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and an order of reference. *See* Dkt. No. 19. For the reasons explained below, the Court GRANTS the construed motion for leave to amend Plaintiff's complaint.

**Background**

On August 7, 2015, the undersigned liberally interpreted Plaintiff's filing as a motion seeking leave to amend her complaint pursuant to Federal Rule of Civil Procedure 15 and issued a Notice of Deficiency and Order, requiring Plaintiff to, no later than September 1, 2015, re-file her motion in compliance with Rule 11 and attach to that motion a signed proposed amended complaint containing all the claims she

asserts in this lawsuit and all the facts that she alleges support those claims. *See* Dkt. No. 20.

On September 8, 2015, the Court received an amended complaint [Dkt. No. 22], which Plaintiff dated September 1, 2015, *see id.* at 5. Although Plaintiff neglected to file an actual motion for leave to amend, the undersigned again liberally construed her amended complaint as including a motion seeking leave to amend pursuant to Rule 15, and, on September 9, 2015, ordered Defendant Michael McLain to file a written response to the motion no later than September 22, 2015 and offered Plaintiff an opportunity to file a reply by September 29, 2015. *See* Dkt. No. 23.

Defendant timely filed his response on September 22, 2015 [Dkt. No. 24], opposing leave to amend solely because Plaintiff did not file her amended motion by the date ordered by the Court, *see id.* at 4. The response contained a certificate of service reflecting that Plaintiff was served by certified mail-return receipt requested at 6417 Ridgecrest Road, Apt. 229, Dallas, Texas 75231.

On October 14, 2015, the Court received an undated motion for extension of time from Plaintiff in which she stated that she did not receive Defendant's response and asked that she be given an unspecified extension of time in which to view the response and file a reply. *See* Dkt. No. 25. The motion was delivered to the Court in an envelope bearing a return address identical to the address in the response's certificate of service. *See id.* at 2.

Because Defendant opposed leave to amend, which is typically granted freely "when justice so requires," FED. R. CIV. P. 15(a)(2), based on Plaintiff's failure to timely

file her amended motion, the Court directed the Clerk to send Plaintiff a copy of Defendant's opposition and ordered that Plaintiff file a reply brief no later than October 26, 2015, and Defendant was directed to file, by the same day, a notice with the Court evidencing service of his opposition on Plaintiff (e.g., the return receipt). *See* Dkt. No. 28. Plaintiff's reply was timely filed on October 23, 2015. *See* Dkt. No. 29. And on October 26, 2015, Defendant filed his notice, in which it was revealed that the opposition [Dkt. No. 24] originally was sent to a wrong address for Plaintiff, *see* Dkt. No. 30.

**Legal Standards**

"[T]he grant of leave to amend the pleadings pursuant to [Federal Rule of Civil Procure 15(a)] is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971). And Rule 15(a)(2) requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2). But granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).

In deciding whether to grant leave to amend, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* (citing cases). And "a district court may refuse leave to amend if the filing of the amended complaint would be futile, i.e., if the complaint as amended would be subject to dismissal." *Varela v. Gonzales*, 773 F.3d

704, 707 (5th Cir. 2014) (quoting *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 208 (5th Cir. 2009)) (internal quotation marks omitted). But this Court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, No. 3:08-cv-1394-D, 2011 WL 1427661, at *1 (N.D. Tex. Apr.13, 2011).

## Analysis

Defendant opposes leave to amend not because Plaintiff's original motion was untimely filed – it was not; her August 6, 2015 motion was filed before the September 30, 2015 deadline to amend the pleadings established by Judge Fitzwater's scheduling order, *see* Dkt. No. 16 – but because it appears the amended motion was filed after the deadline in the undersigned's notice of deficiency, *see* Dkt. No. 24 at 4.

The United States Court of Appeals for the Fifth Circuit has "recognized" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend. *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991)). But, given that Plaintiff complied with the Court's scheduling order and, generally, has diligently prosecuted her *pro se* matter, the Court finds that leave to amend should not be denied on the ground asserted by Defendant. *Cf. Rojo v. Burger One, LLC*, No. 3:11-cv-2968-BN, 2014 WL 3513001, at *2 (N.D. Tex. July 16, 2014) ("The Court finds that Srivarodom has established good cause for failing to seek leave

to amend prior to the expiration of the deadline set forth in District Judge Reed O'Connor's scheduling order. Srivarodom's failure to timely seek leave to amend his answer was largely due to his *pro se* status and lack of knowledge necessary to assert any applicable defenses.").

## Conclusion

The Court GRANTS Plaintiff's motion for leave to amend the complaint [Dkt. Nos. 17 and 22], pursuant to Rule 15(a)(2), and ORDERS that the pleading filed at Dkt. No. 22 be docketed as Plaintiff's First Amended Complaint.

SO ORDERED.

DATED: November 5, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE